**Dallal Kasim MUHAMED, aka Dalal Al–Kasai; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74542.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

Dallal Kasim Muhamed, Las Vegas, NV, pro se.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Mustafa Malik Jahmed, Las Vegas, NV, pro se.

Dalya Malik Jahmed, Las Vegas, NV, pro se.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Don G. Scroggin, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Dallal Kasim Muhamed, and her two children, natives and citizens of Iraq, petition pro se for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ The BIA's conclusion that Muhamed was firmly resettled in Germany is supported by substantial evidence in the record that she was granted asylum in Germany, lived there for four years with her children, and had the freedom to work, travel, own property, and obtain an education for her children. *See* 8 C.F.R. § 1208.15; *see also Cheo v. INS,* 162 F.3d 1227, 1229 (9th Cir.1998) (petitioners considered to be firmly resettled where they fled Laos and lived peacefully in Malaysia for three years before arriving in the United States). Because substantial evidence supports the BIA's decision to deny asylum based on the firm resettlement bar, we need not address the issue of Muhamed's credibility.

■ Substantial evidence supports the agency's denial of withholding of removal because Muhamed has failed to establish that it is more likely that not that she will be persecuted if she returns to Iraq. *See Lim v. INS,* 224 F.3d 929, 938 (9th Cir. 2000).

■ Moreover, substantial evidence supports the agency's denial of CAT relief because Muhamed did not show it would be more likely than not that she would be tortured if returned to Iraq. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.